MARY'S OPINION HEADING 









                NO. 12-06-00430-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

ESEQUIEL
RODRIGUEZ, §          APPEAL FROM THE SECOND

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

S.
HOGAN STRIPLING,

APPELLEE   §          CHEROKEE
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM








            This appeal is being dismissed for want of jurisdiction
pursuant to Texas Rule of Appellate Procedure 42.3(a).  The trial court’s judgment was signed on
August 8, 2006.  Under rule of appellate
procedure 26.1(a), unless Appellant timely filed a motion for new trial or
other postjudgment motion that extended the appellate deadlines, his notice of
appeal was due to have been filed “within 30 days after the judgment [was]
signed,” i.e., September 7, 2006. 
Appellant filed a motion for new trial. 
Consequently, his notice of appeal was due to have been filed “within 90
days after the judgment [was] signed,” i.e., November 6, 2006.  See Tex.
R. App. P. 26.1(a)(1).  Appellant
filed his notice of appeal on December 27, 2006, but did not file a timely
motion for extension of time to file the notice.  See Tex.
R. App. P. 26.3.  Because the
notice of appeal was not filed on or before November 6, 2006 and the time for
filing was not extended by this court, we have no jurisdiction to consider the
appeal.








            On December 27, 2006, this court
notified Appellant pursuant to Texas Rule of Appellate Procedure 42.3(a) that
his notice of appeal was untimely. 
Appellant was further informed that unless the record was amended on or
before January 8, 2007 to establish the jurisdiction of this court, the appeal
would be dismissed.  In a written
response, Appellant informed the court that he filed his notice of appeal on
December 1, 2006, but was having difficulties with the handling of his
mail.  As previously stated, however, the
notice of appeal was due to have been filed on or before November 6, 2006.  Therefore, a notice of appeal filed on
December 1, 2006 does not invoke the jurisdiction of this court.

            Because this court is not authorized
to extend the time for perfecting an appeal except as provided by Texas Rules
of Appellate Procedure 26.1 and 26.3, the appeal is dismissed for want of
jurisdiction.  See Tex. R. App. P. 42.3(a).

Opinion delivered January 24, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)